## UNITED STATES *v.* VANDEGRIFT & CO. (No. 1897).[1]

EVIDENCE—HEARSAY.

Testimony conceded by the witness to be based upon what people told him is wholly hearsay.

2. EVIDENCE, SUFFICIENCY OF—PRESUMPTION IN FAVOR OF COLLECTOR.

The presumption of correctness attaching to the collector's classification of the merchandise as distilled oil under paragraph 46, tariff act of 1913, aided by the testimony of a competent witness, is not overcome by the testimony to the contrary of a witness who admitted that his testimony was based on what people told him. The claim for classification under paragraph 418 or paragraph 44 must be denied.

United States Court of Customs Appeals, December 30, 1918.

APPEAL from Board of United States General Appraisers, Abstract 41690.

[Reversed.]

*Bert Hanson,* Assistant Attorney General (*Charles D. Lawrence,* special attorney, of counsel), for the United States.

*Comstock & Washburn* (*J. Stuart Tompkins* of counsel) for appellees.

[Oral argument Nov. 7, 1918, by Mr. Hanson and Mr. Tompkins.]

Before MONTGOMERY, SMITH, BARBER, DE VRIES, and MARTIN, Judges.

MONTGOMERY, Presiding Judge, delivered the opinion of the court:

The merchandise involved in this appeal was reported by the local appraiser as consisting of a combination of distilled oils used in finishing textile fabrics, and was assessed for duty at 20 per cent ad valorem under paragraph 46 of the tariff act of 1913, which provides rates of duty on "distilled oils and all combinations of the same, not specially provided for in this section."

The importers protested this assessment and claimed that the goods were free of duty under paragraph 418 providing for "grease, fats, vegetable tallow, and oils (excepting fish oils), not chemically compounded, such as are commonly used in soap making or in wire drawing, or for stuffing or dressing leather, not specially provided for in this section," and alternatively under paragraph 44 for "Oils, rendered: * * * all other animal oils, rendered oils and greases, and all combinations of the same, not specially provided for in this section, 15 per centum ad valorem."

The board held the oils free of duty, stating as to the oils in question that the testimony of the chemist at the port of Philadelphia and his report of analysis of samples thereof show that they consist

---

[1] T. D. 37872 (36 Treas. Dec., 17).

of a "combination of mineral oil, wool grease, and water, suitable for stuffing or dressing leather."

The witness McSorley, called by the Government, prepared a report, in which he stated that the oil was suitable for stuffing and dressing leather. When called as a witness he was asked:

Q. How did you arrive at the conclusion that this oil was suitable for stuffing or dressing?—A. We have similar oils which I know are suitable——

Q. (By General Appraiser McClelland.) Who determined that question; where did you obtain your information on which you based your knowledge that it was suitable for dressing leather, from people outside?—A. Yes; from people outside.

Q. And when you are making that statement you are relying on what people told you?—A. Yes.

This is the only testimony in the case tending to show the suitability of this oil for stuffing and dressing leather. The report is not proof except as supported by the testimony of the witness, and when read in connection with his statement it is shown that it is wholly hearsay and not based upon any knowledge of the witness.

Government's counsel argues at length for a distinction between suitability and common use of an article. Whether this argument is sound need not be determined. There would be considerable force in the suggestion that what is commonly used in dressing leather would presumptively be suitable, and that an oil which could be shown to be like it in suitability—if the rule of similitude which we have held in United States v. Seward (9 Ct. Cust. Appls., 18; T. D. 37845), decided recently, is to be applied to the words "such as" in the connection employed in this paragraph—would fall within the terms of the free paragraph. But before this view, if it were adopted, could be applied, strict proof of the fact of suitability would be requisite, which proof we find is wholly wanting here, except as it rests upon hearsay testimony, which is not regarded as proof.

It is contended by the importers that if the court is of the opinion that the oils are not entitled to free entry, there was testimony in the record which the board could have followed tending to show that this oil was not a distilled oil but a combination of rendered oils or recovered oils.

There were two witnesses upon this subject, Dr. Morrison, called by the importers, who was of the opinion that this oil was not distilled, and the witness McSorley, called by the Government, who was distinctly of the opinion that it consisted wholly or in part of distilled oils. The presumption of the correctness of the collector's classification can not be said to have been overcome. It follows that there having been a failure to show that this oil falls within the class provided for in the free list, and the importer not having sustained the burden cast upon him of proving that the oils in question are not distilled but fall within paragraph 44, the decision of the board must be reversed and the assessment sustained.